Kamal Saeed NIJEM, Petitioner—
Appellant,

v.

John ASHCROFT, Attorney General,
Respondent—Appellee.

No. 02–56200.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided June 15, 2004.

---

* Pursuant to section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, the proper respondent in this case is the Attorney General.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kamal Saeed Nijem, San Ysidro, CA, pro se.

David B. Thronson, Esq., Shannon Floyd, Kathleen Hamers, Las Vegas, NV, for Petitioner–Appellant.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, David Dauenheimer, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Kamal Saeed Nijem appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition. Nijem's previous petition to this court, requesting review of the Board of Immigration Appeals' ("BIA") rejection of his Convention Against Torture claim, was dismissed on the merits. Under *Singh v. Ashcroft,* we have jurisdiction to hear this habeas appeal.[1] We review the district court's denial of habeas corpus de novo.[2]

We need not decide whether res judicata applies in this particular case because Nijem has not made a cognizable claim for habeas relief.

Nijem requests an analysis of the country conditions in Jordan and a determination that he is eligible for Convention Against Torture relief.[3] Our review is of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Singh v. Ashcroft,* 351 F.3d 435, 439, 440—41 (9th Cir.2003) (noting that "[t]he scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that allege constitutional or statutory error in the removal process").

2. *Id.* at 438.

3. We construe Nijem's request to be for Convention Against Torture relief, even though he entitled the habeas claim "Withholding of Re-

the BIA decision, not the immigration judge's ("IJ") decision, so the IJ's view is immaterial to our analysis. Moreover, our review is constrained by the substantial evidence standard. Because the BIA reviewed the record de novo, we review for substantial evidence the "[f]actual findings underlying the BIA's determination that [Nijem] was not eligible for relief" under the Convention Against Torture.[4] "[T]he BIA's findings must be affirmed if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" with reversal only warranted "if the evidence is so compelling that no reasonable fact finder could have failed to find the requisite likelihood of torture."[5]

Substantial evidence supports the BIA's conclusion (though there is evidence from which a contrary conclusion could have been reached) that Nijem has failed to carry his burden of proving that it is more likely than not that he will be tortured if returned to Jordan.[6] Nijem testified that the repercussions in Jordan on account of his religious conversion would be difficulty in getting a job, the possibility of being thrown in jail, and "some family troubles." He said that his family "could eliminate my life," if they were to follow the Shari'a mandate of death for Islamic apostates. But Nijem also said that he does not maintain contact with his family in Jordan, he has not informed them of his conversion, and (though his testimony could be interpreted differently) except for a feeling that he should visit his family and home town and except for financial pressures, he could

stay in Amman without harm. As his practice of Christianity only consists of occasional Bible reading, it is unlikely Nijem's family will know of his conversion unless he tells them. Nijem apparently conceded that he is not likely to be harmed if he relocates to Amman.[7]

The record could be read to mean that his family will probably inflict severe pain and suffering on him, but also could be read to support the conclusion that they will not harm him unless he announces his conversion. We are therefore bound under the substantial evidence standard to accept the BIA's reading.

Nijem argues that the district court "erred in deferring to the BIA's application of an erroneous legal standard"—the "acquiescence" standard of *In re S–V–*.[8] Nijem is correct that *In re S–V–* has been superseded by *Zheng v. Ashcroft*, which construed the "acquiescence" language in the Convention Against Torture "to require only 'awareness,' and not to require 'actual knowledge' or 'willful[] accept[ance].'"[9] The BIA did rely in part on the section of *In re S–V–* that established that the Convention Against Torture did not extend protection to groups the government was unable to control. That reliance, in the wake of *Zheng*, was erroneous. However, the BIA also relied on an alternative holding of *In re S–V–* that has not been overruled. Section IV.B holds that "[s]pecific grounds must exist that indicate" that the "activity constituting tor-

---

moval" and used the term "p[erse]cuted" instead of "tortured" when describing the standard, because he cited to "Article 3 'CAT'" as the statutory basis for relief.

4. *Singh,* 351 F.3d at 438, 442.

5. *Id.* at 442 (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

6. 8 C.F.R. § 1208.16(c)(2).

7. *See id.* § 1208.16(c)(2)(ii).

8. *In re S–V–,* 22 I. & N. Dec. 1306 (BIA 2000); *see* 8 C.F.R. § 1208.18(a)(1), (a)(7).

9. *Zheng v. Ashcroft,* 332 F.3d 1186, 1189 (9th Cir.2003).

ture" would put the petitioner "personally at risk." The record afforded a substantial evidentiary basis for the BIA's conclusion that Nijem was not likely to be tortured if he lived in Amman.

AFFIRMED.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.